UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN STRAUSS, GUSTAVO HUERTA, MARIA ESCOBAR, SYLVIA ANIOLA, GERARDO PINABAJ, MARTIN OSEGUERA and MARIO GALVAN, on behalf of themselves and others similarly situated, | |
| | Case No. 11-cv-03202 |
| Plaintiffs, | Honorable Suzanne B. Conlon |
| v. | |
| ITALIAN VILLAGE RESTAURANT, INC., | |
| Defendant. | |

## ANSWER TO COMPLAINT

For its Answer to the Complaint of Plaintiffs Stephen Strauss, Gustavo Huerta, Maria Escobar, Sylvia Aniola, Gerardo Pinabaj, Martin Oseguera and Mario Galvan, Defendant Italian Village Restaurant, Inc. ("Defendant") states as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1.     Defendant operates a restaurant known as "Italian Village" in Chicago, Illinois.

**ANSWER:**    Defendant admits the allegations in paragraph 1 of the Complaint.

2.     Plaintiffs and other similarly situated employees are current and former tipped employees employed by Defendant.

**ANSWER:**    Defendant admits the allegations in paragraph 2 of the Complaint.

3.     Plaintiffs' claims arise under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.* and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay Plaintiffs and other similarly situated employees earned minimum wages and overtime pay.

**ANSWER:**    Defendant admits that Plaintiff purports to bring claims under the Fair Labor Standards Act and the Illinois Minimum Wage Law.  Defendant denies the remaining allegations of this paragraph.

4.    Prior to on or before February, 2011, Defendant paid its tipped employees on a "shift rate" basis for all time worked in individual work weeks.  The gross wages paid to tipped employees under Defendant's "shift rate" compensation method resulted in Plaintiffs and other tipped employees being paid less than the applicable minimum wage – or tip credit rate – for all time work performed in individual work weeks.

**ANSWER:**    Defendant admits that at all relevant times and until February 2011 its server tipped employees were paid on a shift rate basis for time worked.  Defendant admits that at times the server wages paid were less than the tip credit minimum wage on some weeks.

5.    In addition, Defendant otherwise failed to comply with the tip credit provisions of the FLSA and IMWL.  Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with other requirements of the tip credit provisions.  Those provisions require, among other things, that Defendant inform tipped employees of the provisions of the tip credit subsection of the FLSA.  Defendant failed to do so and thus violated the federal minimum wage law.

**ANSWER:**    Defendant denies that it failed to comply with the tip credit provisions of the FLSA and the IMWL.  Defendant admits that those provisions permit employers to pay wages less than the minimum wage so long as employers comply with other requirements of the tip credit provisions.  Defendant denies that it failed to comply with these provisions.  Defendant denies the remaining allegations of this paragraph.

6.    Defendant also failed to pay Plaintiffs and other tipped employees overtime pay. Instead, Defendant paid Plaintiffs and other tipped employees their shift pay for all time worked in individual work weeks, including the time they worked over 40 hours in individual work weeks.

**ANSWER:**    Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.    Plaintiffs bring their FLSA claims as a collective action and their IMWL claims as a class action.  Plaintiffs' FLSA consent forms are attached hereto as Exhibit A.

**ANSWER:**    Defendant admits that Plaintiffs purport to bring their FLSA claims as a collective action and their IMWL claims as a class action.  Defendants admit that Plaintiffs' Complaint contains an Exhibit A and, answering further, that the Exhibit speaks for itself.

### THE PARTIES

8.      Plaintiff Stephen Strauss resides in and is domiciled in Cook County, Illinois. Within the last three years, Plaintiff was employed by Defendant as a server at its Chicago, Illinois restaurant within this judicial district.

**ANSWER:**    Upon information and belief, Defendant admits the allegations in paragraph 8 of

the Complaint.

9.      Plaintiff Gustavo Huerta resides in and is domiciled in Cook County, Illinois. Within the last three years, Plaintiff was employed by Defendant as a server at its Chicago, Illinois restaurant within this judicial district.

**ANSWER:**    Upon information and belief, Defendant admits the allegations in paragraph 9 of

the Complaint.

10.     Plaintiff Maria Escobar resides in and is domiciled in Cook County, Illinois. Within the last three years, Plaintiff was employed by Defendant as a server at its Chicago, Illinois restaurant within this judicial district.

**ANSWER:**    Upon information and belief, Defendant admits the allegations in paragraph 10 of

the Complaint.

11.     Plaintiff Sylvia Aniola does not reside in and is not domiciled in Cook County, Illinois.  Within the last three years, Plaintiff was employed by Defendant as a server at its Chicago, Illinois restaurant within this judicial district.

**ANSWER:**    Upon information and belief, Defendant admits the allegations in paragraph 11 of

the Complaint.

12.     Plaintiff Gerardo Pinabaj resides in and is domiciled in Cook County, Illinois. Within the last three years, Plaintiff was employed by Defendant as a server at its Chicago, Illinois restaurant within this judicial district.

**ANSWER:**    Upon information and belief, Defendant admits the allegations in paragraph 12 of

the Complaint.

13.     Plaintiff Martin Oseguera resides in and is domiciled in Cook County, Illinois. Within the last three years, Plaintiff was employed by Defendant as a server at its Chicago, Illinois restaurant within this judicial district.

**ANSWER:**     Upon information and belief, Defendant admits the allegations in paragraph 13 of the Complaint.

14.     Plaintiff Mario Galvan resides in and is domiciled in Cook County, Illinois. Within the last three years, Plaintiff was employed by Defendant as a server at its Chicago, Illinois restaurant within this judicial district.

**ANSWER:**     Upon information and belief, Defendant admits the allegations in paragraph 14 of the Complaint.

15.     Defendant Italian Village Restaurant, Inc. is an Illinois corporation that owns and operates a restaurant located in this judicial district, in Chicago, Illinois.

**ANSWER:**     Defendant admits the allegations in paragraph 15 of the Complaint.

16.     At all times relevant hereto, Plaintiffs were "employee(s)" of Defendant as defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(d).

**ANSWER:**     Defendant admits the allegations in paragraph 16 of the Complaint.

17.     During the course of their employment by Defendant, Plaintiffs were not exempt from the minimum wage of the FLSA.

**ANSWER:**     Defendant admits that during the relevant times Plaintiffs were not exempt from the minimum wage.  Answering further, Defendant states it was and has been entitled to take a tip credit for the Plaintiffs.

18.     During the course of their employment by Defendant, Plaintiffs were not exempt from the minimum wage of the IMWL.

**ANSWER:**     Defendant admits the allegations in paragraph 18 of the Complaint.

19.     During the course of their employment by Defendant, Plaintiffs were not exempt from the overtime provisions of the FLSA.

**ANSWER:**     Defendant admits the allegations in paragraph 19 of the Complaint.

20.     During the course of their employment by Defendant, Plaintiffs were not exempt from the overtime provisions of the IMWL.

**ANSWER:**     Defendant admits the allegations in paragraph 20 of the Complaint

21.     Defendant was Plaintiffs' "employer" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

**ANSWER:**     Defendant admits the allegations in paragraph 21 of the Complaint

22.     Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1).

**ANSWER:**     Defendant admits the allegations in paragraph 22 of the Complaint

23.     Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

**ANSWER:**     Defendant admits the allegations in paragraph 23 of the Complaint.

24.     In the course of their employment by Defendant, Plaintiffs were engaged in interstate commerce.  During the course of their employment by Defendant, Plaintiffs handled goods, including perishable produce and other food products that moved in interstate commerce.

**ANSWER:**     Defendant admits the allegations in paragraph 24 of the Complaint.

### COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 24 of this Complaint.

**ANSWER:**     Defendant hereby re-alleges and incorporates its answers to paragraphs 1 through

24 of this Complaint.

25.     This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for its failure to pay minimum wages to Plaintiffs.

**ANSWER:**     Defendant admits Plaintiff purports to bring a claim under the Fair Labor

Standards Act.  Defendant denies the remaining allegations of this paragraph.

26.     During the course of their employment, Plaintiffs were entitled to be paid applicable minimum wages under the FLSA.

**ANSWER:**     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     During the course of their employment, other tipped employees were entitled to be paid applicable minimum wages under the FLSA.

**ANSWER:**     Defendant denies the allegations in paragraph 27 of the Complaint.

28.     Prior to on or about February, 2011, Defendant paid Plaintiffs on a "shift rate" basis.  That is, for each shift that Plaintiffs worked, they were paid a fixed sum.

**ANSWER:** Defendant admits the allegations in paragraph 28 of the Complaint.

29. Prior to on or about February, 2011, other tipped employees employed by Defendant were likewise paid on a "shift rate" basis.

**ANSWER:** Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant failed to inform Plaintiff of the provisions of the tip credit subsection.

**ANSWER:** Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant failed to inform other tipped employees of the provisions of the tip credit subsection.

**ANSWER:** Defendant denies the allegations in paragraph 31 of the Complaint, further stating

that non-server tipped employees were not paid pursuant to the tip credit provision.

32. Defendant also regularly required Plaintiffs and other tipped employees to perform non-tipped work, while failing to pay him [sic] minimum wages while engaged in those non-tipped duties.

**ANSWER:** Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant failed to comply with the terms of the minimum wage requirements of the FLSA.

**ANSWER:** Defendant denies the allegations in paragraph 33 of the Complaint.

34. Plaintiffs and other tipped employees were not paid minimum wages by Defendant.

**ANSWER:** Defendant admits that at times, tipped server employees appear to not have been

paid minimum wage. Defendant denies the remaining allegations of this paragraph.

35. Defendant's failure to pay Plaintiffs and other tipped employees minimum wages was a willful violation of the FLSA.

**ANSWER:** Defendant denies the allegations contained in paragraph 35 of the Complaint.

Answering further, Defendant states that any violation of the FLSA, if one occurred, was a result

of negligence on the part of Defendant and not willfulness as alleged by Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. judgment in the amount of the owed minimum wages for all time worked by Plaintiffs;

B.      liquidated damages in an amount equal to the amount of unpaid minimum wages;

C.      reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.      such other and further relief as this Court deems just and proper.

**ANSWER:**      Defendant denies Plaintiffs are entitled to any relief whatsoever.

## COUNT II
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 35 of this Complaint.

**ANSWER:**      Defendant hereby realleges and incorporates its answers to paragraphs 1 through

35 of this Complaint.

36.      This Court arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for its failure to pay all overtime wages to Plaintiffs and other employees at a rate of one and one half times their regular rate of pay.

**ANSWER:**      Defendant admits Plaintiff purports to bring a claim under the Fair Labor

Standards Act.  Defendant denies the remaining allegations of this paragraph.

37.      Prior to on or about February, 2011, Defendant paid Plaintiffs on a "shift rate" basis.  That is, for each shift that Plaintiffs worked, they were paid a fixed sum.

**ANSWER:**      Defendant admits the allegations in paragraph 37 of the Complaint.

38.      Prior to on or about February, 2011, other tipped employees employed by Defendant were likewise paid on a "shift rate" basis.

**ANSWER:**      Defendant denies the allegations in paragraph 38 of the Complaint as other non-

server tipped employees were not paid on a "shift rate" basis.

39.      In certain work weeks, Plaintiffs were directed by Defendant to work, and did work, in excess of 40 hours per week.

**ANSWER:**      Defendant denies the allegations in paragraph 39 of the Complaint.

40.      In certain work weeks, other tipped employees were directed by Defendant to work, and did work, in excess of 40 hours per week.

**ANSWER:**      Defendant denies the allegations in paragraph 40 of the Complaint.

41. In the weeks during which Plaintiffs were paid on a shift rate basis and worked in more than forty (40) hours, Defendant failed to pay Plaintiffs overtime pay at a rate of one and half times the full applicable minimum wage rate for the time worked in excess of 40 hours. In the weeks during which Plaintiffs were paid on a shift rate basis and worked in more than forty (40) hours, Defendant failed to pay Plaintiffs overtime pay at a rate of one and half times the full applicable minimum wage rate for the time worked in excess of 40 hours.

**ANSWER:** Defendant denies the allegations in paragraph 41 of the Complaint. Answering further, any overtime that could have been owed to Plaintiffs would be calculated at one half of the hourly rate multiplied by hours worked over 40 in any week.

42. In the weeks during which other tipped employees were paid on a shift rate basis and worked in more than forty (40) hours, Defendant failed to pay such other tipped employees overtime pay at a rate of one and half times the full applicable minimum wage rate for the time worked in excess of 40 hours.

**ANSWER:** Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant's failure to pay Plaintiffs and other tipped employees overtime pay violated the FLSA.

**ANSWER:** Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant's failure to pay Plaintiffs and other tipped employees overtime pay violated the FLSA.

**ANSWER:** Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant's violation of the FLSA was willful.

**ANSWER:** Defendant denies the allegations contained in paragraph 45 of the Complaint. Answering further, Defendant states that any violation of the FLSA, if one occurred, was a result of negligence on the part of Defendant and not willfulness as alleged by Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. judgment in the amount of the owed overtime wages for all time worked by Plaintiffs;

B. liquidated damages in an amount equal to the amount of unpaid overtime wages;

C. reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. such other and further relief as this Court deems just and proper.

**ANSWER:**     Defendant denies Plaintiffs are entitled to any relief whatsoever.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Class Action)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 45 of this Complaint.

**ANSWER:**     Defendant hereby realleges and incorporates its answers to paragraphs 1 through

45 of this Complaint.

46.     This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 , *et seq.*, for Defendant's failure to pay Plaintiffs and the class of tipped employees that they represent all their earned minimum wages.  Plaintiffs and the class are current and former employers of Defendant who are due, and who have not been paid, minimum wages and overtime wages under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*  Plaintiffs bring this Count as a class action under Fed.R.Civ.P. 23.

**ANSWER:**     Defendant admits Plaintiffs purport to bring a class action claim under the Illinois

Minimum Wage Law.  Defendant denies the remaining allegations of this paragraph.

47.     Plaintiffs and other similarly situated are tipped employed by Defendant. Defendant paid these persons on a shift rate basis; in 2010, for example, Plaintiffs were paid $36.40 per eight (8) hour shift.

**ANSWER:**     Defendant admits that Plaintiffs were paid on a shift rate basis.  Defendant denies

the remaining allegations of this paragraph as the amount of pay is incorrect.

48.     In certain work weeks, the gross wages paid to Plaintiffs under Defendant's "shift rate" compensation method resulted in Plaintiffs being paid less than the applicable minimum wage – or tip credit rate – for the time they worked in such work weeks.

**ANSWER:**     Defendant admits that at time Plaintiffs may have been paid at an amount less

than the tip credit rate.

49.     For example, in 2010, Plaintiffs were paid $36.40 for per eight (8) hour shift.  If Plaintiffs worked five (5) eight (8) hour shifts, they were paid a total of $182.00 for forty (40) hours of work, or $4.55 per hour ($182/40 hours).  In 2010, the Illinois tip credit rate was $4.95 per hour.

**ANSWER:** Defendant admits that in 2010 the Illinois Tip Credit Rate was $4.95 an hour.

Defendant denies the remaining allegations in paragraph 49 of the Complaint. Answering

further, Plaintiffs have incorrectly stated the shift rate pay.

50. An employer may pay a tipped employee less than minimum wage, that is, take a "tip credit" if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. §203(m). The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. §203(m).

**ANSWER:** Defendant admits it paid Plaintiffs pursuant to the Illinois Tip Credit Rate.

Answering further, Defendant states that the Illinois Minimum Wage Law and the Fair Labor

Standards Act and their provisions speak for themselves.

51. Although Defendant took the tip credit by paying Plaintiffs and the class less than the minimum hourly wage, Defendant did not inform its tipped employees of the provisions of the tip credit subsection.

**ANSWER:** Defendant admits that it took the tip credit. Defendant denies the remaining

allegations in this paragraph.

52. Defendant also has a practice of regularly utilizing tipped employees to perform non-tipped job duties, including duties performed prior to such employees starting their worked shifts.

**ANSWER:** Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant's practices violate the minimum wage provisions of the IMWL.

**ANSWER:** Defendant denies the allegations in paragraph 53 of the Complaint.

54. Plaintiffs will seek to certify this Count III, and Count IV, violation of the overtime provisions of the IMWL, as a class action and ask the Court to determine the rights of the classes pursuant to those statutes, and any other damages due, and to direct Defendant to account for all back wages, penalties and prejudgment interest thereon due to the Plaintiff and the classes that he represents.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the

allegations contained in paragraph 54.

55.     Counts III and IV, are brought pursuant to Fed.R.Civ. 23 because the class members similarly situated to Plaintiffs are so numerous that joinder of all members is impracticable.

**ANSWER:**     Defendant denies that Plaintiffs meet the numerosity requirement of Federal Rule

of Civil Procedure 23.

56.     Plaintiffs bring this action on their own behalf, and in their representative capacity, against Defendant.

**ANSWER:**     Defendant admits the allegations in paragraph 56 of the Complaint.

57.     The individually named Plaintiffs and similarly situated tipped employees are equally affected by the minimum wage and maximum hour payment violations of Defendant; and the relief sought is for the benefit of the individual Plaintiff and the classes that Plaintiff represents.

**ANSWER:**     Defendant denies the allegations in paragraph 57 of the Complaint.

58.     The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the classes, if any.

**ANSWER:**     Defendant admits the allegations in paragraph 58 of the Complaint.

59.     The individual Plaintiffs and the classes of similarly situated persons on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

**ANSWER:**     Defendant admits the allegations in paragraph 59 of the Complaint.

60.     The violations alleged by Plaintiffs are the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

**ANSWER:**     Defendant admits the allegations in paragraph 60 of the Complaint.

61.     The individual Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the classes.

**ANSWER:**     Defendant lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 61.

62.     Plaintiffs have retained counsel who are experienced in the prosecution of wage and hour class actions.

**ANSWER:**     Defendant admits the allegations in paragraph 62 of the Complaint.

63.     If individual actions were required to be brought by each of the similarly situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

**ANSWER:**     Defendant denies the allegations in paragraph 63 of the Complaint.

64.     A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the classes are entitled.

**ANSWER:**     Defendant denies the allegations in paragraph 64 of the Complaint.

65.     Defendant violated the Illinois Minimum Wage Law by failing to compensate Plaintiffs and members of the class consistent with the minimum wage provisions.

**ANSWER:**     Defendant denies the allegations in paragraph 65 of the Complaint.

66.     Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

**ANSWER:**     Defendant admits that 820 ILCS 105/12(a) entitles a plaintiff to recover unpaid

wages for three years prior to the filing of a lawsuit plus punitive damages in the amount of two

percent (2%) per month of the amount of underpayment.  Answering further, defendant denies

that Plaintiffs are entitled to any relief whatsoever.

WHEREFORE, Plaintiffs and the class pray for judgment against Defendant as follows:

A.     judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.     prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D.     an injunction precluding Defendant from violating the Illinois Minimum Wage Law; and

E.     such other and further relief as this Court deems just and proper.

**ANSWER:**     Defendant denies that Plaintiffs are entitled to any relief whatsoever.

**COUNT IV**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**
**(Class Action)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 66 of this Complaint.

**ANSWER:** Defendant hereby realleges and incorporates its answers to paragraphs 1 through 66 of this Complaint.

67. This Count IV is brought by Plaintiffs on behalf of a class pursuant to Fed.R.Civ. P.23.

**ANSWER:** Defendant admits that Plaintiffs purport to bring a class action. Defendants deny the remaining allegations of this paragraph.

68. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for its failure to pay Plaintiffs and the class of tipped employees that they represent all their earned overtime pay for time worked in excess of 40 hours in individual workweeks.

**ANSWER:** Defendant admits Plaintiffs purport to bring a class action claim under the Illinois Minimum Wage Law. Defendant denies the remaining allegations of this paragraph.

69. For all time worked in excess of 40 hours in individual workweeks, Plaintiffs and other tipped employees were entitled to be paid one and one half times their regular hourly rate of pay.

**ANSWER:** Defendant denies the allegations in paragraph 69 of the Complaint.

70. Plaintiffs and the class are current and former tipped employees of Defendant who are due, and who have not been paid, all overtime wages under the maximum hour provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a.

**ANSWER:** Defendant denies the allegations in paragraph 70 of the Complaint.

71. Prior to on or about February, 2011, Defendant paid Plaintiffs and other tipped employees on a shift rate basis for all time worked, including for time worked in excess of forty hours per week.

**ANSWER:** Defendant admits that at all times relevant server tipped employees were paid on a shift rate basis. Defendant denies that Plaintiffs worked in excess of forty hours per week. Further, Defendant did not pay other tipped employees on a shift rate basis.

72.    Defendant violated the maximum hour provisions of the IMWL by failing to pay Plaintiffs and other employees their earned overtime pay.

**ANSWER:**    Defendant denies the allegations in paragraph 71 of the Complaint.

WHEREFORE, Plaintiffs and the class pray for judgment against Defendant as follows:

A.    judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.    prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D.    an injunction precluding Defendant from violating the Illinois Minimum Wage Law; and

E.    such other and further relief as this Court deems just and proper.

**ANSWER:**    Defendant denies that Plaintiffs are entitled to any relief whatsoever.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all counts.

**ANSWER:**    Defendant admits that Plaintiffs have demanded a jury trial.


Dated:  July 11, 2011                     Respectfully submitted,

                                          ITALIAN VILLAGE RESTAURANT, INC.


                                          By:    s/James F. Hendricks, Jr.
                                                 Attorney for Defendant
                                                 James F. Hendricks, Jr.
                                                 IL ARDC # 1187139


James F. Hendricks, Jr.
FORD & HARRISON LLP
55 E. Monroe Street, Suite 2900
Chicago, IL  60603
Phone: (312) 332-0777
Fax:    (312) 332-6130
Email:  jhendricks@fordharrison.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing **ANSWER TO COMPLAINT** was filed electronically with the Northern District of Illinois on July 11, 2011 and is available for viewing and downloading from the Electronic Case Filing (ECF) System.

Service of this **ANSWER TO COMPLAINT** was accomplished electronically through the ECF System on the following ECF registered filing users:

>**Maureen Ann Bantz**
>mbantz@flsalaw.com
>
>**David Erik Stevens**
>dstevens@flsalaw.com
>
>**Douglas M. Werman**
>dwerman@flsalaw.com,ecf@flsalaw.com,jvillanueva@flsalaw.com

>s/James F. Hendricks, Jr.
>Attorney for Defendant
>James F. Hendricks, Jr.
>IL ARDC # 1187139

James F. Hendricks, Jr.
FORD & HARRISON LLP
55 E. Monroe Street, Suite 2900
Chicago, IL  60603
Phone: (312) 332-0777
Fax:    (312) 332-6130
Email:  jhendricks@fordharrison.com