**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **STEPHEN STRAUSS, GUASTAVO HUERTA, MARIA ESCOBAR, SYLVIA ANIOLA, GERARDO PINABAJ, MARTIN OSEGUERA and MARIO GALVAN, on behalf of themselves and others similarly situated,** | ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | Case No. 1:11-cv-03202 |
| **ITALIAN VILLAGE RESTAURANT, INC.,** | ) ) ) ) | Magistrate Judge Susan E. Cox |
| **Defendant.** | ) ) ) | |
| **ITALIAN VILLAGE RESTAURANT, INC.,** | ) ) ) ) | |
| **Third- Party Plaintiff,** | ) ) | |
| v. | ) ) | |
| **HOWARD L. MOCERF, an Individual, DUANE MORRIS, LLP, an Illinois Limited Liability Company, RAYMOND J. SULLIVAN, an Individual, and SULLIVAN & SULLIVAN, Ltd.,** | ) ) ) ) ) ) | |
| **Third-Party Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Stephen Strauss, Gustavo Huerta, Maria Escobar, Sylvia Aniola, Gerardo Pinabaj, Martin Oseguera, and Mario Galvan ("plaintiffs"), all current or former employees of Italian Village Restaurant, Inc. ("Italian Village"), filed suit against the restaurant alleging that it had violated the

minimum wage and overtime wage requirements of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL").[1] On June 20, 2011, the parties jointly consented to have the case reassigned to a Magistrate Judge, and on June 28, 2011, the case was assigned to this Court.[2]

On December 28, 2011, defendant/third-party plaintiff filed a third-party complaint seeking indemnity against Howard L. Mocerf, Duane Morris, LLP, Raymond J. Sullivan, and Sullivan & Sullivan, Ltd. ("third-party defendants").[3] On March 8, 2012, third-party plaintiff filed its First Amended Complaint, consisting of sixteen counts: four counts each against the four third-party defendants.[4] Third-party defendants Duane Morris, LLP and Howard Mocerf have now filed a joint motion to dismiss the amended third-party complaint, as have Raymond J. Sullivan and Sullivan & Sullivan, Ltd.[5]

For the reasons stated below, both motions are granted in their entirety and further leave to amend is denied.

## I. FACTUAL BACKGROUND

Third-party plaintiff, the Italian Village ("the Italian Village") is an Illinois Corporation doing business as a restaurant in Chicago.[6] Third-party defendant, Howard Mocerf ("Mocerf") is an attorney licensed to practice law in the State of Illinois.[7] Third-Party Defendant, Duane Morris, LLC ("Duane Morris"), is a law firm and an Illinois Limited Liability Company doing business in

---

[1] Compl., 1, 5-13, dkt. 1.
[2] Joint Consent, dkt.13; Executive Committee Order, dkt. 15.
[3] Third-Party Pl.'s Compl., 1 dkt. 32.
[4] Third-Party Pl.'s First Amended Compl., dkt. 54.
[5] Dkt. 62 and dkt. 68.
[6] Third-Party Pl.'s First Amended Compl., 2, dkt. 54.
[7] *Id.*

Chicago.[8] Third-Party Defendant, Raymond J. Sullivan ("Sullivan"), is a certified public accountant practicing in Crestwood, Illinois.[9] Third-Party Defendant, Sullivan & Sullivan, is a limited liability company doing business in Crestwood, Illinois.[10]

The Italian Village retained Mocerf, a partner at Duane Morris, to negotiate and prepare employment contracts for its employees, including provisions regarding wages.[11] Third-party plaintiff also retained Mocerf to advise it of any and all relevant statutes regarding employee wages and notification requirements, including the Fair Labor Standards Act and the Illinois Minimum Wage Law.[12] In 2005 and 2009, Mocerf prepared and negotiated employment contracts for employees at the Italian Village Restaurant, including the provisions regarding employee wages and the necessary notifications for tipped employees pursuant to the Fair Labor Standards Act and the Illinois Minimum Wage Law.[13]

The Italian Village also retained Sullivan as a certified public accountant to be in charge of processing and managing the payroll for its employees.[14] Sullivan was retained to manage the Italian Village's employee payroll according to relevant statutory law, including the Fair Labor Standards Act and the Illinois Minimum Wage Law.[15]

In response to plaintiffs' suit, the Italian Village filed a sixteen count complaint against third party defendants. The essence of all of these counts is that these third parties, and not the Italian Village, are truly responsible for any violations of the state and federal laws governing the Italian

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 3; Duane Morris and Howard Mocerf's Mem. in Support of Mot. to Dismiss, 1, dkt. 43.
[12] Third-Party Pl.'s First Amended Compl., 3, dkt. 54.
[13] *Id.*; Duane Morris and Howard Mocerf's Mem. in Support of Mot. to Dismiss, 1, dkt. 43.
[14] Third-Party Pl.'s First Amended Compl., 3, dkt. 54.
[15] *Id.* at 3.

Village's employees' wages and hours. Counts I-IV allege that each of the third-party defendants are joint-tortfeasors as to plaintiffs' FLSA claims.[16] Counts V-VIII allege that each of the third-party defendants are joint-tortfeasors as to plaintiffs' IMWL claims.[17] Counts IX-X allege legal malpractice on the part of Mocerf and Duane Morris.[18] Counts XI-XII allege accounting malpractice on the part of Sullivan and Sullivan & Sullivan.[19] Counts XIII-XIV allege legal malpractice/implied indemnity on the part of Mocerf and Duane Morris.[20] Lastly, Counts XV-XVI allege accounting malpractice/implied indemnity on the part of Sullivan and Sullivan & Sullivan.[21]

## II. DISCUSSION

### A. Counts I-IV

Counts I-IV allege that each of the four third-party defendants are joint-tortfeasors under the FLSA. For third-party defendants to be found liable under the FLSA, they must be "employers" within the meaning of the FSLA. Section 203(d) of the FLSA defines employers as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[22] Third-party defendants argue that they are not "employers" under the Act because they had no control or power over plaintiffs, and thus that Counts I-IV should be dismissed.[23] The Italian Village counters that third-party defendants had control over the decisions that resulted in any violations of the Act and

---

[16] *Id.* at 4-11.
[17] *Id.* at 11-17.
[18] *Id.* at 17-21.
[19] *Id.* at 22-25.
[20] *Id.* at 26-30.
[21] *Id.* at 30-34.
[22] 29 U.S.C.A. § 203(d) (2006).
[23] Duane Morris and Howard Mocerf's Mem. in Support of Mot. to Dismiss, 3-4, dkt. 43, Raymond J. Sullivan and Sullivan & Sullivan Ltd.'s Mem. in Support of Mot. to Dismiss, 14-15, dkt. 40.

accordingly are liable.[24]

Multiple employers may be held liable under the FLSA when "the facts establish that the employee is employed jointly by two or more employers."[25] The Supreme Court has held that the determination of whether a party is an employer is based on the "economic reality" of the situation.[26] Courts have considered a variety of factors when making this determination, including the ability to hire or fire the employees, supervision of the employees' schedules, determination of wages, and the maintenance of employment records.[27] The Seventh Circuit has held that an "employer must exercise control over the working conditions of the employee."[28]

As these third-party defendants accurately point out, there is nothing in the Italian Villages's conclusory allegations in these counts that suggests that these defendants could ever be considered "employers" within the meaning of the FLSA. There are no allegations that these third-party defendants had any control over these plaintiffs' working conditions as the case law require; that they could hire, fire or manage them.[29] Nor could there be. These firms were hired by the Italian Village to negotiate the employment contracts and to manage employee payroll. Their work in this respect was controlled by the Italian Village. Regardless of how much The Italian Village chose to rely on the advice and counsel of their third-party contractors with respect to these issues, there is no authority that the Court could find that supports the argument that the Italian Village's reliance

---

[24] Third-Party Pl.'s Resp., 4-5.
[25] 29 C.F.R. § 791.2(a).
[26] *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961).
[27] *Babych v. Psychiatric Solutions, Inc.*, 2011 WL 5507374 (N.D. Ill.) at *6.
[28] *Moldenhauer v. Tazewell-Pekin Consol. Communications Center*, 536 F.3d 640, 644 (7th Cir. 2008).
[29] *See, e.g. Villareal v. El Chile, Inc.*, 776 F.Supp.2d 778, 785-86 (N.D.Ill. 2011)(noting that the case law does not require day-to-day control, or even continuous monitoring of employees, to be found an employer. But control must be at least occasional, such as the ability to hire); *Babych v. Psychiatric Sols, Inc.,* No. 09 C 8000, 2011 WL 5507374, at*7 (N.D. Ill. 2011); *Bastian v. Apartment Inv. & Mgmt.,* No 09 C 2069, 2008 WL 4671763, at *2 (N.D.Ill. 2008).

on these firms' transforms these into "employers" under the FLSA.

Essentially the Italian Village is asking the Court to by-pass the statutory scheme set forth in the FLSA and shift responsibility for compliance with the FLSA from itself, the employer, to third-party consultants which it paid for services rendered. But nothing in the FLSA suggests that the Italian Village's alleged "reasonable reliance" on its consultants can shift compliance with the law on to them as well. Moreover, there is ample authority that holds that the FLSA precludes all such potential blame-shifting and bars third-party actions for contribution and indemnity using any tort theories.[30]

The Italian Village's response to this raft of authority is that it is directed only at attempts by employers to shift liability to certain key employees, not to third parties like the accountants and attorneys sued here. Actually this is not correct. In *Chao v. St. Louis Internal Medicine,*[31] the court held that an accounting firm could not be sued as a third-party defendant in an FSLA case under a tort theory. But even if this case did not so hold, this Court can see no real distinction between efforts to shift liability to employees, which is prohibited by the case law, and the Italian Village's efforts to shift liability to their third-party consultants. Either scenario is barred by the FLSA's express language that liability for compliance rests with the employer and the employer only so that the statute's mandates are not diluted. Both of third-party defendants' motions are granted with respect to Counts I-IV.

**B. Counts V-VIII**

Counts V-VIII are very similar joint tortfeasor claims under the IMWL. Courts in the

---

[30]*Kyriakoulis v. DuPage Health Ctr., Ltd.,* 10 C 7902, 2011 WL 2420201, at 1-2 (N.D. Ill. 2011)*, Farmer v. DirectSat USA,LLC,* No. 09 C 3962, 2010 WL 3927640, at*15 (N.D. Ill. 2010), *Emmanuel v. Rolling in the Dough, Inc.,* No. 10 C 2270, 2010 WL 4627661, at *4 (N.D. Ill. 2010).
[31]2007 WL 29674 (E.D. Mo. 2007) at 1.

Northern District of Illinois have looked to FLSA analysis when making employer determinations under the IMWL "because the IMWL parallels the FLSA."[32] Furthermore, "the Illinois Administrative Code also provides that the FLSA regulations are to be used as guidance in interpreting the IMWL."[33] The Italian Village concedes this point by failing to even offer a reason why the IMWL should be interpreted any differently from the FLSA. Accordingly, because the third-party defendants are not "employers" within the meaning of the FLSA, we decline to find them to be so under the IMWL. Consequently, both of third-party defendants' motions are granted with respect to Counts V-VIII.

**C. Counts IX-XVI**

Counts IX-XII are very similar to Counts XIII-XVI. Counts IX and X are labeled as legal malpractice claims against the Duane Morris law firm and attorney Howard Mocerf and Counts XI and XII are labeled as accounting malpractice claims against Sullivan and Sullivan and accountant Raymond Sullivan. On the other hand, Counts XIII and XIV are labeled as "Legal Malpractice/Implied Indemnity" while Counts XV and XVI are labeled "Accounting Malpractice/Implied Indemnity."[34]

Regardless of how they are named, each of these eight counts contain almost identical language.[35] Counts IX-XII allege that third-party defendants are liable for third-party plaintiffs' attorney's fees, along with "any liquidated damages and interest assessed against [third-party plaintiff]."[36] Conversely, Counts XIII-XVI allege that third-party defendants are "liable to [third-

---

[32] *Villareal*, 776 F. Supp. 2d at 784.
[33] *Id.* (*citing* Ill. Admin. Code tit. 56, pt. 210.120 (2009)).
[34] Third-Party Pl.'s First Amended Compl., 26-32, dkt. 54.
[35] *Id.*
[36] *Id.* at 19, 21, 23, 25.

party plaintiff] for any and all damages that may be assessed against [third-party plaintiff] pursuant to implied indemnity."[37] So, despite the slightly different language and to whom they are addressed, Counts IX-XII and Counts XIII-XVI are all forms of indemnity or contribution.

There is nothing in the FLSA or the IMWL that allows employers to bring an action against a third party to avoid its statutory responsibilities under these laws. As we already have stated, these statutes only allow actions against employers as that term has been defined. The Italian Village nonetheless contends that this case involves matters of "first impression" because they have alleged reasonable reliance upon attorneys and accountants to ensure statutory compliance.

We reject this contention. In a similar context, the Supreme Court stated that "[n]either the Equal Pay Act nor Title VII expressly creates a right to contribution in favor of employers."[38] That, combined with the fact that Congress enacted those two statutes for the benefit of employees, led the Court to conclude that employers could not bring third-party suits in Equal Pay Act or Title VII actions.[39] Although the Seventh Circuit has not addressed this issue, every other federal court which has examined this issue has extended these holdings to bar such actions under the FLSA.[40]

The logic of these cases is compelling. The FLSA, like the Equal Pay Act and Title VII, does not provide an explicit right to contribution for employers. Like these statutes, Congress enacted the FLSA for the benefit of employees, not employers. The Italian Village offers no contrary authority to support its argument that it should be entitled to contribution. Consequently, Counts IX-XVI cannot be brought with respect to the FLSA, and both motions to dismiss are

---

[37] *Id.* at 27, 30, 32, 34.
[38] *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 91 (1981).
[39] *Id.*
[40] *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 143-44 (2d Cir. 1999); *Chao v. AKI Industries, Inc.*, 2007 WL 18396542 (D. Utah) at *3.

granted.

The same logic applies to the IMWL. We are persuaded by the logic of our colleague, Judge Geraldine Soat Brown in *Villareal v. El Chile, Inc.*[41] In this case, the court correctly noted that when a federal court rules on an issue under Illinois law, it must follow the precedent of the Illinois Supreme Court.[42] Because no such precedent exists here, the court in *Villareal* turned to federal FLSA cases because of the statute's similarity to the IMWL.[43] Both statutes are designed to protect employees, and the court reasoned that both statutes' "goals would be undermined by diminishing the employers compliance incentives if an employer were permitted to seek indemnity or contribution."[44] Although *Villareal* concerned an employer filing for contribution from its employees, the court's holding is still persuasive to this context. Because the IMWL is similar to the FLSA, the contribution and indemnity analysis conducted above with respect to the FLSA also applies to the IMWL. Once again, third-party plaintiff presents no case law to counter third-party defendants' assertion that this extension is appropriate. Therefore, third-party defendants' motion is granted with respect to Counts IX-XVI and the IMWL as well.

Because the motion has been granted in full, the Court does not need to address the remainder of third-party defendants' claims involving FRCP 14 and preemption.

### III. CONCLUSION

For the foregoing reasons, third-party defendants' Mocerf and Duane Morris' and Sullivan and Sullivan & Sullivan's motions to dismiss are granted [dkts. 62, 68].

**IT IS SO ORDERED.**

---

[41] 601 F. Supp. 2d 1011, 1017 (N.D. Ill. 2009).
[42] *Villareal*, 601 F. Supp. 2d at 1017.
[43] *Id.*
[44] *Id.*

Date: <u>November 2, 2012</u>

_____
**UNITED STATES MAGISTRATE JUDGE**
**Susan E. Cox**