UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN STRAUSS, GUSTAVO HUERTA, MARIA ESCOBAR, SYLVIA ANIOLA, GERARDO PINABAJ, MARTIN OSEGUERA AND MARIO GALVAN, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ITALIAN VILLAGE RESTAURANT, INC. <br><br> Defendant. | Magistrate Judge Susan E. Cox <br><br> Case No. 11 C 3202 |

## ORDER GRANTING FINAL APPROVAL

The Parties having appeared before the Court on April 3, 2013, for a Hearing on Preliminary Approval of the Class Action Settlement in the above-captioned matter, the Court having reviewed the Plaintiffs' Motion for Final Approval of Parties' Class Action Settlement and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval, and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all members of the Settlement Classes, preliminarily certified for settlement purposes only, by Order dated April 3, 2013 (ECF No. 120), and defined as follows:

> All persons who worked for Defendant as tipped employees, or who were paid a "tip credit" rate of pay and/or were paid on a shift rate basis for the time period between May 13, 2008 and May 13, 2011 ("Class Period"). Specifically excluded from the class are all persons who worked for Defendant for a period of less than ninety (90) days and who were paid solely on a probationary basis by Defendant

(herein the "Class" or "Settlement Class").

2. The Court finds that the Settlement Class satisfies the requirements of Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action. The Court finally certifies the Settlement Class pursuant to Fed. R. Civ. P. 23 for Plaintiffs' Illinois Minimum Wage Law ("IMWL") claims and also certifies the Settlement Class under 29 U.S.C. § 216(b) for Plaintiffs' Fair Labor Standards Act ("FLSA") claims. For purposes of settlement of this action, all class members who cash a Settlement Check shall "opt in" for purposes of the FLSA and shall release claims for owed minimum wages and overtime pay as alleged in the Complaint under the FLSA, arising during the Class Period.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class ("Class Members") via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of additional resources available for further information, including the phone number of Class Counsel who acted as the Settlement Administrator from who Class Members could access additional information and documents regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

4. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of the Plaintiffs' case on the merits, weighed against Defendant's defenses, and the

complexity, length, and expense of further litigation, support approval of the Settlement. The Maximum Gross Settlement Amount of $1,150,000.00, as set forth in the Settlement Agreement, is a fair, reasonable and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties, and has the support of Class Counsel and Counsel for Defendant, both of whom have significant experience representing parties in complex class actions, including those involving wage and hour claims. The absence of any objections to the Settlement by the Class Members likewise supports approval of the Settlement. Finally, the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

5. Class Member Claimants shall each receive their ratable shares of the Net Settlement Fund, in accordance with the calculations provided for in Paragraph V.9 of the Settlement Agreement.

6. The Court approves Service Payments in the following amounts: $7,500 each for Named Plaintiffs Stephen Strauss, Sylvia Aniola, Maria Escobar, Mario Galvan, Gustavo Huerta, Martin Oseguera, and Gerardo Pisabaj, and in the amount of $2,500 each for Opt-In Plaintiffs Scott Judge and Ryan M. Holshouser, to be paid for their time and effort spent conferring with Class Counsel, filing and pursuing the Action, producing documents, attending the settlement conference and in recovering wages on behalf of all Class Members.

7. By the dates specified in Paragraph V.8 of the Settlement Agreement, Defendant will deliver settlement checks to Class Counsel, and Class Counsel will deliver settlement checks to Named Plaintiffs, Opt-In Plaintiffs and each Class Member who did not exclude himself or herself from the Settlement. For each installment payment Defendant makes to Class Counsel,

Defendant shall issue two checks to each Named Plaintiff, Opt-In Plaintiff and Class Member as follows:

(1) Within 14 days of entry of the Order granting Final Approval, Defendant shall issue each Named Plaintiff, Opt-In Plaintiff and Class Member a gross check, less legal payroll deductions for state and federal withholding taxes and any other applicable payroll deductions, for 25% of his or her ratable share of the Net Settlement Awards Fund to account for unpaid minimum and overtime wages.

(2) Within 14 days of Final Approval, Defendant shall issue each Named Plaintiff, Opt-In Plaintiff and Class Member a second check for 25% of his or her ratable share of the Net Settlement Awards Fund to account for penalties, interest, and other non-wage recovery.

(3) On or before January 31, 2014, Defendant shall issue each Named Plaintiff, Opt-In Plaintiff and Class Member a gross check, less legal payroll deductions for state and federal withholding taxes and any other applicable payroll deductions, for 25% of his or her ratable share of the Net Settlement Awards Fund to account for unpaid minimum and overtime wages.

(4) On or before January 31, 2014, Defendant shall issue each Named Plaintiff, Opt-In Plaintiff and Class Member a second check for 25% of his or her ratable share of the Net Settlement Awards Fund to account for penalties, interest, and other non-wage recovery.

-5-

8. Class Counsel is awarded one-third ($^1/_3$) of the Maximum Gross Settlement Amount, or $383,333.33 in attorneys' fees and $5,000 in costs. One-half of Class Counsel's attorneys' fees, or $191,666.67 and $5,000 in costs shall be paid within fourteen (14) days of the the entry of Order granting Final Approval of the Settlement Agreement. The other half of Class Counsel's attorneys' fees in the amount of $191,666.66 shall be paid to Class Counsel by Defendant on or before January 31, 2014.

9. After all payments required by the Settlement Agreement shall have been made, including all Settlement Payments to Claimants, Service Awards, and Class Counsel fees and costs, any remaining funds within the Settlement Account shall be retained by Defendant, as provided for in the Settlement Agreement. Thereafter, the Parties shall file with the Court either the names of all persons who have cashed a Settlement Check and/or copies of the endorsed Settlement Checks which shall operate as such Class Members' consent to become a party to the FLSA claims asserted in the Complaint, which shall constitute compliance with the requirements under 29 U.S.C. § 216(b) that persons opting into an FLSA collective action consent in writing and that such consent be filed with the Court.

10. The Court further orders that any Class Member who did not timely submit a Request for Exclusion from this case fully releases and discharges Defendant from any and all claims that were asserted in this action and as set forth in the Settlement Agreement.

11. The Court grants final approval of the Settlement and dismisses this case without prejudice. This Court retains jurisdiction solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms. If no motion is filed to reinstate the case before February 28, 2014, the dismissal without prejudice will convert to a dismissal with prejudice.

ORDERED this 26th day of June, 2013 in Chicago, Illinois

_____
THE HONORABLE SUSAN E. COX
UNITED STATES MAGISTRATE JUDGE

ORDERED this 26th day of June, 2013 in Chicago, Illinois

_____
THE HONORABLE SUSAN E. COX
UNITED STATES MAGISTRATE JUDGE