## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Stephen Strauss, et al | ) | |
| Plaintiffs, | ) | Case No:   11cv3202 |
| | ) | |
| v. | ) | |
| | ) | Judge Susan E. Cox |
| Italian Village Restaurant, | ) | |
| Inc., et al | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Third-Party Plaintiff's Motion to Reconsider [91] is granted in part.

## STATEMENT

Third-Party plaintiff Italian Village Restaurant, Inc. ("Italian Village") seeks a reconsideration of this Court's dismissal of Counts IX-XII, alleging common law professional negligence against Howard L. Mocerf and Duane Morris, LLP ("Mocerf") and Raymond J. Sullivan, Sullivan & Sullivan, Ltd. ("Sullivan"), or seeks the Court's clarification that the dismissal was without prejudice to Italian Village. The latter would allow Italian Village to institute a separate action to seek compensation for the injuries it sustained. Because the direct parties in this case have now settled, there is no longer a federal question pending. So any separate action filed would be a state-law professional negligence action. We partially grant Italian Village's motion and clarify that Counts IX-XII are dismissed without prejudice.

Italian Village's first argument is that this Court was incorrect to dismiss these counts because they were not merely counts for indemnity or contribution, but were direct common-law professional negligence claims not preempted by FLSA. But in dismissing counts IX-XII, which were labeled as legal malpractice and accounting malpractice claims, we held that despite their distinct titles, these claims were nearly identical to the joint-tortfeasors claims filed under the FLSA.   For the joint-tortfeasor claims we held that "liability for compliance rests with the employer and the employer only so that the statute's mandates are not diluted" and that the FLSA "does not provide an explicit right to contribution for employers."[1] Therefore, in the case of the legal and accounting malpractice claims we simply found that regardless of how these claims were named, they were all "forms of indemnity or contribution."[2] We also acknowledged the Italian Village's argument that this case involved a matter of "first impression" - which Italian Village is again reiterating here - yet we rejected that contention citing to a United States Supreme Court holding applying the Equal Pay Act and Title VII, where no explicit right to

---

[1]Mem. Op. Order at 6 & 8, dkt. 85.

[2]*Id.* at 8.

contribution for employers was extended.[3] We also noted multiple federal courts that had applied such holdings to bar similar actions under the FLSA (even though the Seventh Circuit had not directly addressed this issue).[4] We see no reason to revisit our ruling here, thus, we deny Italian Village's motion to allow these counts to proceed in this matter.

This brings us to Italian Village's second argument, which is that we should dismiss these counts without prejudice to allow for their prosecution in a separate action. Both Mocerf and Sullivan filed responses, however, because Mocerf has now settled with Italian Village, we will only focus on Sullivan's arguments. Sullivan claims that the time and opportunity to essentially voluntarily dismiss its claims to allow for them to be re-filed in another forum has "come and gone," and that even if this request was granted, the claims would still be subject to preemption and be dismissed once again in state court. We understand Sullivan's argument because we, of course, already found that the legal and accounting malpractice claims filed by Italian Village were barred and we are not revisiting that decision here. The reasonable question, then, is how these claims would survive by being filed in a state action.

We see no reason to foreclose Italian Village from attempting to prosecute their claims in a state court action. Perhaps, pleaded differently, there may be a possibility of distinguishing indemnity or contribution claims - which are clearly preempted - from professional negligence claims that are not. Italian Village makes the argument that their originally pleaded legal and accounting malpractice counts would not have excused it from money owed to any plaintiff under the FSLA. And they also claim that there are real distinctions between indemnity or contribution claims seeking to substitute a third party into an employer's shoes for unpaid wages, and an employer's direct action for its own damages caused by a violation of the common law.[5] Though neither Italian Village, nor the Court, has found a case to support this argument directly, we are not prepared to find that there is strict liability barring Italian Village from some form of their malpractice claims.[6]

Further, we should add that none of the cases cited by Sullivan hold that professional liability claims cannot be pursued in state court after being dismissed from a federal FLSA case. As noted, we found the claims, as pleaded here, to be preempted by the FLSA. But we decline to extend this ruling beyond that holding. Accordingly, these claims are dismissed without prejudiced.

---

[3]Mem. Op. Order at 8, dkt. 85 (*citing Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 91 (1981)).

[4]*Id.*

[5]*Citing Emanuel v. Rolling in the Dough, Inc.,* 2010 WL 4627661(N.D. Ill. 2010)(finding preemption for contribution claim but allowing a fiduciary duty claim to proceed).

[6]*See Richard v. Staehle,* 434 N.E.2d 1379, 1384 (Ohio App. 1980)(finding no right of indemnity but because claim was for malpractice, liability for pecuniary loss remained, though the issue of preemption was not raised).

Date:   July 22, 2013                                    /s/   SUSAN E. COX, U.S. Magistrate Judge